REBECCA B. MOCCIARO, CASBN 89777
FARMER & RIDLEY LLP
350 S. Grand Avenue, Suite 3150
Los Angeles, California 90071
Telephone: (213) 626-0291
Fax: (213) 833-7812
rmocciaro@f-rlaw.com

Attorneys for Plaintiff
MICHAEL McVEY as Trustee of
The Bittersweet Distributors, Inc.
Defined Benefit Pension Plan and Trust



FILED
CLERK, U.S. DISTRICT COURT
AUG - 2 2013
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McVEY, as Trustee of the Bittersweet Distributors, Inc. Defined Benefit Pension Plan and Trust,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>COLIN McVeigh, as Executor, Trustee and Representative of the Estate of Dawn M. McVey, pursuant to the Dawn M. McVey Living Trust, and as personal representative of DAWN McVey, an individual and participant in the Bittersweet Distributors, Inc. Defined Benefit Pension Plan and Trust<br><br>　　　　　　　Defendant | Case No:   CV12-6879-MMM-MANx)<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING TRUSTEE'S DUTIES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §1001 *et seq.*; |

*SERVICE VIA CERTIFIED MAIL: THE SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR AND THE INTERNAL REVENUE SERVICE AS REQUIRED UNDER ERISA, 29 U.S.C. §1132(h).*

[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING TRUSTEE'S DUTIES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §1001 et seq.

Michael McVey ("Plaintiff") hereby alleges:

## PARTIES

1. At all relevant times, Plaintiff is an individual residing in San Luis Obispo County, within this District. Plaintiff files this Complaint in his legal capacity as Trustee of the Bittersweet Distributors, Inc. Defined Benefit Pension Plan and Trust (the "Plan"). A true and correct copy of the Plan is attached to this Complaint as Exhibit "1".

2. Plaintiff is also a participant and beneficiary of the Plan.

3. As Trustee, Plaintiff brings this action on the Plan's behalf, and on behalf of all of the Plan's participants, including Plaintiff and the purported remaining rights and interests, if any, of deceased Defendant Dawn McVey, an individual and participant in the Bittersweet Distributors, Inc. Defined Benefit Pension Plan. Plaintiff is informed and believes and thereupon states that pursuant to ERISA, a trustee may bring a claim to enforce and redress ERISA's provisions, and to obtain appropriate relief. 29 U.S.C. §1132(a)(3). See, e.g., *Waller v. Blue Cross*, 32 F.3d 1337, 1339 (9th Cir. 1994).

4. The Plan is a defined benefit pension plan, under 26 U.S.C. § 414(j), in which an employer promises a specified monthly benefit amount to Plan participants that is predetermined by a formula based on the employee/participant's earnings history, tenure of service and age.

5. The Plan was first established in 1981.

6. Ms. McVey, now deceased, at all relevant times, resided within this District. Until 2010, Ms. McVey was a co-trustee of the Plan. In 2010, pursuant to the provisions of the Plan documents, Ms. McVey was removed by Plaintiff as a co-trustee of the Plan.

7. Plaintiff is informed and believes and on that basis states that Ms. McVey passed away on April 19, 2013, and that Notice of Ms. McVey's death was provided to this Court and to Plaintiff on or about April 23, 2013 [Court Docket Doc. No. 54].

8. Plaintiff is further informed and believes and on that basis alleges that Defendant Colin McVey, one of Plaintiff's and Dawn McVey's children, is the Executor and Trustee of the Dawn McVey Living Trust purportedly dated April 15, 2013, and personal representative of Ms. McVey. Plaintiff is further informed and believes and on that basis states that Colin McVey has identified himself under oath as holding said capacities, in flings with and approved by the Superior Court, State of California, County of San Luis Obispo.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. Section 1331.

-3-

[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING TRUSTEE'S DUTIES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §1001 et seq.

10 This action brings this claim under 29 U.S.C. 1132(a) (3) for equitable relief concerning an order and judgment dated June 14, 2012, incorporating a Final Statement of Decision (the "Final Statement") dated May 8, 2012, of the Superior Court of California, of and for the County of San Luis Obispo, in the marriage dissolution action of *In Re the Marriage of Dawn McVey, Petitioner, and Michael McVey, Defendant* (the 'Dissolution Action'), Case Number FL 09-8570. True and correct copies of the Judgment and Final Statement issued in the Dissolution Action by the trial court (the "Trial Court") are attached to this Complaint as Exhibits "2" and "3", respectively, and are incorporated by this reference.

11 The Judgment and Final Statement purport to order and compel Plaintiff, not as an individual but in his capacity as Trustee of the Plan, to violate provisions of the Plan and therefore the Plan's compliance with applicable rules and regulations under ERISA and the Internal Revenue Code. Plaintiff submits that to so do will violate his fiduciary duties as Trustee for the Plan, and will expose the Plan and its participants to penalties, including without limitation income and excise taxes.

12. Attached as Exhibit 4 to this First Amended Complaint is the Order and supporting documents filed by Colin McVey in the Dissolution Action pursuant to which Colin McVey asserts that he is the "Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)," and as "personal representative of Ms. McVey." Accordingly,

-4-

given the nature of relief sought in this Federal Complaint, Plaintiff alleges that Colin McVey stands in the shoes of Ms. McVey and is required to represent her interests in the instant action. Plaintiff is further informed and believes that Colin McVey has asserted that he has the legal and equitable right to enforce the terms of the Judgment and Final Statement issued in the Dissolution Action by the trial court (Exhibits "2" and "3", respectively, to this First Amended Complaint).

13.   This Court has exclusive subject matter jurisdiction over these claims pursuant to 29 U.S.C. 1132(e) (1).

14.   Jurisdiction is also asserted under 28 U.S.C. 2201(a), et seq, the "Declaratory Judgment Act" which provides that [i]n a case of actual controversy within its jurisdiction….any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." In this case, Plaintiff is uncertain of his obligations under ERISA and the terms and provisions of the Plan and wishes to avoid incurring liability for damages for the possible breach of his fiduciary obligations as the Plan's Trustee in advance of performance.

15...   Additionally, Plaintiff submits that jurisdiction is also appropriate under Rule 65 of the Federal Rules of Civil Procedure which establishes the procedures for obtaining injunctive relief. If Defendant proceeds to comply with the terms of the Judgment and Statement of Final Decision, that conduct will require Plaintiff to violate his fiduciary duties as Trustee of the Plan.

-5-
[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING TRUSTEE'S DUTIES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §1001 et seq.

16. Venue is proper in this Court District under 29 U.S.C. 1132 (e) (2) because the Plan is administered here, and Plaintiff and Defendant reside within this Court District.

## FACTUAL BACKGROUND

17. Plaintiff and Defendant were formerly husband and wife; they married in 1974.

18. Defendant filed the Dissolution Action to dissolve the marriage and related relief.

19. Dissolution of said marriage was effective as of August 5, 2011 pursuant to a stipulated bifurcation of the issue of their marital status.

20. As alleged above, the Plan was established in 1981; at that time, the Plan sponsor was McVey Construction, Inc. The Plan was then known as the "McVey Construction, Inc. Defined Benefit Pension Plan and Trust."

21. Subsequently, after McVey Construction changed its name to Bittersweet Distributors, Inc., the Plan's name was changed to the Bittersweet Distributors, Inc. Defined Benefit Pension Plan and Trust. The Plan's terms and conditions remained the same, and were governed by Plan documents (Exhibit 1).

22.9. In approximately 1984, Plaintiff and Defendant fully funded the Plan, contributing approximately $250,000 of community assets to the pension trust. No

-6-

other contributions were ever made to the Plan. Plaintiff and Defendant each participated in the management of the trust assets, but Plaintiff made most of the investment decisions for the Plan.

23. McVey Construction, Inc. formally ceased to exist as a corporation in 1996.

24. Plaintiff and his then-wife (Ms. McVey) were employees of McVey Construction, Inc., and became participants in the Plan.

25. At the time that the Dissolution Action judgment was entered, as well as when the instant action was originally filed, , Plaintiff and Ms. McVey were the Plan's only participants.

26. Plaintiff retired in 2004 at age 55. Ms. McVey retired in 2009 at age 55. Upon retirement, they began receiving payments from the Trust of $7500 and $5000 per month, respectively.

27. During the Dissolution Action, Plaintiff and Ms. McVey differed sharply in how to divide the Plan and the assets held in trust for the benefit of the Plan and its participants. The Trial Court's orders (Exhibits 2 and 3) purport to dispose of the 'excess' or 'surplus' assets of the Plan. Plaintiff contends that the so called 'excess' Plan assets are only actuarial estimates. Said "excess assets", under applicable ERISA and Federal tax laws, are not refundable to the Plan sponsor until the Plan has been terminated and all benefits have been distributed to Plan participants (in this instance, Plaintiff and Ms. McVey) and beneficiaries. In

-7-

addition the excess assets are not subject to being divided by the Trial Court in the state action nor will a QDRO resulting from the order of the Trial Court be valid since a QDRO may only be used to divide benefits, not excess assets.

28. Under a defined benefit pension plan, the participants are only entitled to their accrued pension benefits.

29. Under applicable Federal law, plan participants have no actionable interest in any 'surplus' or 'excess' Plan assets.

30. Various options to resolve the Plan issues were proposed and considered by the Trial Court and parties.

31. The Trial Court decided that the Plan should 'spin off' its assets over Plaintiff's objections. To accomplish the 'spin off', the Trial Court determined that the trust assets would be divided in kind and spun off into a new, qualified plan.

32. Plaintiff's objection to the 'spin off' was and is predicated upon *Commissioner v. Keystone Consol. Industries, Inc.* (1993) 508 U.S. 152, 154, which provides that "given the employer's obligation to make up any shortfall, no plan member has a claim to any particular asset that composes a part of the plan's general asset pool. Instead, members have a right to a certain defined level of benefit (accrued benefits)." Thus, plan assets cannot be distributed and divided, as the trial court ordered, 'in kind', but must be maintained in the Plan, managed by Plaintiff as Trustee and fiduciary, with the continued distribution of income as provided for in the Plan documents

33. The Trial Court thereupon ordered that Ms. McVey was, as soon as practicable upon entry of judgment, to cause the 'spin off' of plan assets to occur, causing exactly one-half of the assets of the Trust to be transferred by Plaintiff as Trustee to the trustee of the new qualified plan sponsored by a new business entity to be established by Ms. McVey, with the trial court retaining jurisdiction to make any and all orders required and necessary to ensure implementation of the 'spin off' Order.

34. Plaintiff is informed and believes and thereupon submits that the subject 'spin off' of plan assets will violate federal laws and regulations because (a) the Plan Participants only have rights to and ownership of their promised accrued benefits under the Plan, and have no ownership or other rights to any portion of any surplus assets; and (b) there is a substantial risk that the IRS will disqualify the Plan (with associated fines and penalties), and result in significant income and excise taxes. Moreover, the Trial Court in the Dissolution Action lacked jurisdiction and legal authority to divide the Plan assets.

35. Therefore, if Mc. McVey had, or Defendant Colin McVey acting in his purported capacities as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey, performs in compliance with the Trial Court's Order, this conduct will expose the Plan and any 'spin offs' to potential fines, penalties and income and excise taxes, and will expose Plaintiff to

-9-

claims for breaching the fiduciary and other duties owed under applicable ERISA provisions.

36. In particular, the Internal Revenue Service may argue that the compliance with the Trial Court's Order and its division of the Plan's assets constitutes a conversion of the Plan into an individual retirement plan, thereby causing the Plan to be deemed 'terminated'. This could expose the Plan and the Participants' interests to severe income and excise taxes (at an effectively confiscatory 90% tax rate).

37. Moreover, the IRS' challenge to the Plan might lead to the Plan losing its tax favored or tax-qualified status under Section 401(a) of the IRC (1986).

38. Both the IRC and ERISA have established a statutory structure that provides that a participant's accrued benefits cannot be assigned or alienated. IRC § 401(a) (13) and ERISA § 206(d) (1). An exception to the anti-assignment rule is a qualified domestic relations order (QDRO) which creates or recognizes the existence of an alternative payee's (in this case, Dawn McVey, and any remaining interest, if any, of Ms. McVey to which Colin McVey may exercise authority or have an interest in pursuant to his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of' Ms. McVey) right to receive all or a portion of a participant's (in this case, the Plaintiff) accrued benefits payable under the Plan. The trial court's order is not a QDRO.

39. Moreover, the proposed spin off to a new plan to be established by Ms. McVey and/or Colin McVey acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey) may violate commonly known doctrines, such as the "economic substance doctrine', "substance over form doctrine", and "the sham transaction doctrine" which provides that a the spin off transaction is valid under ERISA and the IRC only if this transaction has economic substance separate and distinct from the economic benefit achieved solely by tax reduction.

40. Plaintiff contends that neither Ms. McVey nor Colin McVey acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey) have demonstrated that this 'spin off 'would qualify under said doctrine, and thus the Plan would be exposed to fines and penalties.

41. Insofar as the Trial Court was only empowered to divide Plaintiff's and Ms. McVey's accrued benefits as participants, all surplus assets would remain the sole property of the Plan, which cannot be used for any purpose other than to assure that the Plan's promised accrued benefits are timely paid to the participants for their lifetimes or in a lump sum in accordance with the terms of the Plan.

-11-

42. Plaintiff at present lacks sufficient information and belief upon which to determine whether (a) Ms. McVey has any remaining or existing interests in the Plan following her death, and/or (b) Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as "personal representative of" Ms. McVey, has the right or capacity to pursue any such interest that may continue after McVey's passing on April 19, 2013.

## FIRST CLAIM FOR RELIEF

## FOR DECLARATORY RELIEF

43. Plaintiff incorporates by this reference each and all of the allegations set forth in paragraphs 1 through 42.

44 An actual controversy has arisen and now exists between the parties insofar as whether the Trial Court had jurisdiction over the Plan and the proposed spin-off as ordered by said Trial Court.

45. Further, an actual controversy has arisen and now exists between the parties, including but not limited to the purported interest that Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey, may have insofar as

-12-

whether the Trial Court had jurisdiction over the Plan and the proposed spin-off as ordered by said Trial Court.

469. Further, an actual controversy has arisen and now exists between the parties relating to what Plaintiff's duties as Plan fiduciary and Trustee are with respect to the 'spin off' Order which Ms. McVey may have acted upon, and/or that Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey intends to enforce or act upon in order to cause the 'spin off' of Plan assets to occur, causing exactly one-half of the assets of the Trust to be transferred by Plaintiff as Trustee to the trustee of the new qualified plan sponsored by a new business entity to be established by Ms. McVey and/or Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey, with the Trial Court retaining jurisdiction to make any and all orders required and necessary to ensure implementation of the 'spin off' Order, for which Plaintiff desires a declaration of rights and duties.

47. A declaratory judgment is necessary in that Plaintiff contends and Defendants deny that (a) ERISA precludes the ordered 'spin off' of equally divided Plan assets into a new, qualified plan because neither Plan participant has a claim to

-13-
[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING TRUSTEE'S DUTIES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §1001 et seq.

any particular asset or assets and is only entitled to receive a certain defined level of benefit, payable in accordance with ERISA distribution rules and regulations; and (b) such conduct in compliance with said 'spin off' order will violate federal laws and regulations, will expose the Plan and any 'spin offs' to a substantial risk of fines and penalties, and will expose Plaintiff to claims for breaching the fiduciary and other duties owed under applicable ERISA provisions.

## SECOND CLAIM

## FOR INJUNCTIVE RELIEF

48. Plaintiff incorporates by this reference all of the foregoing paragraphs as if fully set forth herein.

49. Plaintiff is informed and believes and on that basis alleges that because Ms. McVey and Defendant Colin McVey acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of' Ms. McVey, were in the process of 'spinning off' Plan assets, causing exactly one-half of the assets of the Trust to be transferred by Plaintiff as Trustee to the trustee of the new qualified plan sponsored by a new business entity to be established by Ms. McVey and/or Defendant Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15,

-14-
[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF REGARDING TRUSTEE'S DUTIES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA"), 29 U.S.C. §1001 et seq.

2013)", and/or as 'personal representative of" Ms. McVey, said conduct would create actions that are and would be in direct conflict with applicable Federal law under ERISA.

50. Judicial relief is urgently needed to prevent Defendants from implementing the Order. Unless restrained by this Court, Defendants' implementation of the Order will violate federal laws and regulations, will expose the Plan and any 'spin offs' to potential fines and penalties, and will expose both Plaintiff and Defendants to claims for breaching the fiduciary and other duties owed under applicable ERISA provisions.

51. Plaintiff has a high likelihood of success on the merits because the law is clear that such a 'spin off' of Plan assets as ordered by the Trial Court is contrary to controlling ERISA and IRC authority.

52. Plaintiff is entitled to the relief demanded. The relief requested includes restraining the commission or continuance of the actions Ms. McVey commenced performing, and which Defendant Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey seeks to perform, and/or requiring Defendant to obtain a private letter ruling from the Internal Revenue Service to determine whether the 'spin off' transaction will not result in disqualification or dissolution of the Plan prior to implementation of any spin off transaction.

53. Plaintiff is informed and believes and on that basis alleges that said "spin off" may or may not have been commenced prior to Ms. McVey's death, but that Defendant Colin McVey, acting in his purported capacity as Executor, sole trustee and representative of Ms. (Dawn) McVey's estate pursuant to the Dawn M. McVey Living Trust (dated April 15, 2013)", and/or as 'personal representative of" Ms. McVey, is implementing and continuing said 'spin off'.

54  Plaintiff, the Plan, and all Plan participants will suffer irreparable injury if injunctive relief is not granted because once the spin off is completed, the Plan and any 'spin offs' will be exposed to potential fines and penalties, and Plaintiff will potentially be exposed to claims for breaching the fiduciary and other duties owed under applicable ERISA provisions.

55. Plaintiff lacks an adequate remedy at law. If Defendant is not enjoined from 'spinning off' the Plan assets to cause exactly one-half of the assets of the Trust to be transferred by Plaintiff as Trustee to the trustee of the new qualified plan sponsored by a new business entity to be established by Defendant, Plaintiff and the Plan will suffer a irreparable harm, thus rendering any ultimate judgment ineffectual.

56. The facts and circumstances of this case warrant not only permanent injunctive relief, but also preliminary injunctive relief and a temporary restraining Order under Rule 65 of the Federal Rules of Civil Procedure. The balance of hardships favors Plaintiff as Plan Trustee.

Wherefore, Plaintiff prays for the following relief:

1. For declaratory judgment against Defendant providing that this Court declare the respective rights and duties of Plaintiff and Defendant as to whether (a) ERISA precludes the ordered 'spin off' of equally divided Plan assets into a new, qualified plan because neither Plan participant has a claim to any particular asset or assets and is only entitled to receive a certain defined level of benefit, payable in accordance with ERISA distribution rules and regulations; and (b) Plaintiff is required to comply with an order that violates federal laws and regulations, will expose the Plan and any 'spin offs' to potential fines and penalties, and will expose both Plaintiff and Defendant to claims for breaching the fiduciary and other duties owed under applicable ERISA provisions;

2. For preliminary, temporary and permanent injunctive relief precluding Defendant's spinning off of Plan assets into a newly established pension plan;

3. For preliminary, temporary and permanent injunctive relief requiring Defendant to obtain a private letter ruling from the Internal Revenue Service to determine whether the 'spin off' transaction will not result in disqualification or dissolution of the Plan prior to implementation of any spin off transaction

4. For such other and further relief, including costs, as the Court deems just and proper.

DATED: July 31, 2013          FARMER & RIDLEY LLP

By _____
Rebecca Mocciaro
Attorneys for Plaintiff
Michael McVey